PER CURIAM.
Our review of this record shows that the trial court has not ruled on the motion to review sentence and thus the appeal of the sentence as excessive is premature.
On January 25, 2001, this court ordered that the parties show cause, by brief, within 10 days of the order, why the appeal should not be dismissed as premature.
Beverly had appealed his sentence as excessive; however, there was no ruling by the trial court in the record on the motion to reconsider sentence. Further review of the sentence was not available since the sentence was imposed in conformity with a plea agreement (La.C.Cr.P. art. 881.2). The plea agreement included a proviso that the trial court would reconsider Beverly’s sentence after he testified at his codefendant’s trial.
The State filed a brief seeking to dismiss the appeal as premature. Certified copies of court minutes attached to the brief show that the motion to reconsider was passed to reset without date, and the codefend-ant’s trial is set for March 12, 2001.
Beverly has filed a brief agreeing that the appeal is premature. He concurs in the request to dismiss the appeal, only reserving his ultimate right to appeal.
*1292 This appeal is dismissed as premature. Appellant can have his sentence reviewed as excessive after the trial court rules on the motion to reconsider sentence.
APPEAL DISMISSED PREJUDICE. WITHOUT